By the Court.—Sedgwick, Ch. J.,
The action was for damages for conversion of personal property. The jury found for plaintiffs.
The chattels in question had formed the furniture and fixtures of a beer and billiard room, leased by the defendant to a tenant or tenants who owned the furniture and fixtures. The defendant, before the alleged conversion dispossessed by summary proceeding, for non-payment of rent, the tenant in possession. It is claimed for the defendant on this appeal, that upon the tenant being dispossessed, the defendant placed a new tenant in possession of the room, merely leaving the chattels in it, and not taking or assuming any control over them or custody of them. The further claim is that while the new tenant was in possession of the chattels, the demand was made upon the defendant, and that it was no evidence of conversion by him, for him not to deliver, as he then had no control over the chattels and could not have, as *379 he had no right to enter the premises of his tenant. Peck v. Knox, 1 Sweeny, 314, is cited.
There was no incontrovertible evidence to support these propositions. The defendant, as a witness, denied that a demand had been made, as plaintiffs’ witnesses had testified it had been made on April 30th. The new tenant testified in substance as the jury might properly find, that he had refused from the first to take custody of the chattels. The officer executing the warrant in the dispossessory proceeding, testified that the new tenant refused to take the property. The defendant claimed very soon after the ejection that he had a lien upon the property, and himself caused it to be stored for whom it might concern. Under all the testimony the jury might properly find that on April 30th the defendant had control of the property and might have delivered it to plaintiffs.
If the plaintiffs had title or right to possession, the facts that have been noticed would show a conversion by defendant, on April 30th. The defendant’s counsel supposes that a subsequent transaction between the parties would show that the refusal of April 30th was not then absolute or assumed by plaintiffs to be so. That transaction was that, at request of defendant, the plaintiffs sent their carts to take away the property. The defendant claims that the plaintiffs might then have obtained possession of the property. The plaintiffs, however, testify that the defendant would only allow the plaintiffs to take part of the property, and that they refused to take any part, if they were not allowed to take all. If this were the fact, at the best for defendant, he could only resist a recovery for such part or its value, as the plaintiffs might have taken. It would be no reason for dismissing the complaint, but for a proper instruction to the jury as to the damages. The court was not asked to give such instruction, but was allowed without objection, to place the case upon the alleged demand and refusal of the 30th of April.
*380 It is argued, however, that the plaintiffs did not show title to the goods or a right to their possession. They claimed the title as mortgagees, making a demand in accordance with the terms of the mortgage. The only objection to the plaintiffs’ title that is made by the defendant, is that the mortgage was never filed. The counsel for the appellant admits that the defendant was a general creditor without judgment, and that if he had only the rights of such a creditor, he could not make the objection. He maintains the right to assail the mortgage, on the ground, that he had upon the property the lien of a landlord for non-payment of rent at common law. Such a lien was accessory to the right of distress, which has been abolished by statute, and there is no longer such a lien. If there were, it has been waived by not "keeping the goods and proceeding to apply them to the rent due, but storing them for whom it may concern.
There is a further claim that the landlord had the right to keep the goods until the appointment of an administrator, the mortgagee having died, so as to give the administrator an opportunity to attack the mortgage, under the statute as fraudulent. I do not see any ground for this claim.
The judge’s ruling that the whole of defendant’s affidavit could not be read by him, but only so much as was connected with, or in explanation of what plaintiffs’ counsehhad read was correct.
Judgment and ordér appealed from affirmed with costs.
Freedman and O’Gorman, JJ., concurred.